JIAN BIN CHEN, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 04–3480–ag.

United States Court of Appeals,
Second Circuit.

May 26, 2006.

Theodore N. Cox, New York, NY, for
Petitioner.

Stephen J. Sorenson, Acting United
States Attorney for the District of Utah,
Adam S. Elggren, Assistant United States
Attorney, Salt Lake City, UT, for Respondent.

PRESENT: JOSEPH M.
McLAUGHLIN, JOSÉ A. CABRANES
and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jian Bin Chen, through counsel, petitions for review of the BIA's decision af-

firming Immigration Judge ("IJ") Alan Vomacka's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court then reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof" is reviewed *de novo. Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003).

### A. Asylum and Withholding of Removal

■ Because brief detention has been determined not to constitute persecution, *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005), the threat of arrest does not constitute persecution where the applicant has not even been held in the custody of government officials. Chen suffered no other harm or threats of harm, and, therefore, the BIA did not err in determining that Chen did not suffer past persecution.

■ The BIA has held that an applicant must produce either direct or circumstantial evidence from which it is reasonable to conclude that the harm suffered or feared by the applicant is motivated, at least in part, by an actual or imputed ground. *Matter of S–P–,* 21 I. & N. Dec. 486, 494 (BIA 1996). The Amnesty International Report discussing the torture of Falun Gong practitioners may constitute circumstantial evidence for Chen's proposition that the same antigovernment opinion that is imputed to actual practitioners is imputed to those who lend support to Falun Gong practitioners by selling them instructional materials. *Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) (citing *Hongke Zhang v. Ashcroft,* 388 F.3d 713, 720 (9th Cir.2004)) ("the [Chinese] government's crackdown on Falun Gong practitioners is motivated by a *perceived* antigovernment political opinion"). This Court has recognized that an imputed political opinion may constitute a protected ground for the purposes of asylum and withholding. *Id.* The BIA's finding that officials were motivated by a desire to punish Chen for his illegal sales obscures the motive to criminalize such sales, which was apparently to punish or impede the development of a perceived anti-government opinion among Falun Gong practitioners or supporters.

This Court remands for the BIA to consider directly, or, as may be appropriate, by referral to an IJ, Chen's claims for asylum and withholding under the theory of an imputed political opinion. In analyzing whether Chen has a well-founded fear of future persecution, the agency may also determine whether Chen could avoid persecution by relocating within China and whether it would be reasonable under all the circumstances for him to do so. *See* 8 C.F.R. § 1208.13(b)(2)(ii).

### B. CAT Relief

Because the evidence submitted by Chen indicated that his punishment for having left China without authorization was only detention, and because no evidence indicated it was more likely than not that he would be tortured while in detention, the BIA did not err in finding that Chen failed to carry his burden for CAT relief.

For the foregoing reasons, the petition for review as it pertains to Chen's claims for asylum and withholding of removal is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The petition for review as it pertains to Chen's claims for CAT relief is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).